IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOEL EDWARD RICH AND
TODD BAGGETT                                                                                    PLAINTIFFS

V.                                                                                              NO. 3:18CV068

COX MEDIA GROUP NORTHEAST,
LLC, D/B/A WHBQ TV/FOX 13                                                                       DEFENDANTS

**ORDER**

Presently before the Court is defendant's, Cox Media Group Northeast, LLC, d/b/a WHBQ TV/Fox 13 ("WHBQ TV"), motion to dismiss for failure to state a claim [10]. The plaintiffs, Joel Edward Rich and Todd Baggett, having responded, and the defendant having filed its rebuttal, and the Court having reviewed the parties' submissions, is now prepared to rule.

**Relevant Facts**

The plaintiffs were police officers employed by the Southaven Mississippi Police Department. WHBQ TV is a local television station in Memphis, Tennessee owned by Cox Media Group Northeast LLC. WHBQ TV also operates a Facebook Page on which it posts local stories. On September 29, 2017, WHBQ TV posted an article on its Facebook page regarding the fatal shooting of Ismael Lopez by the Southaven Police Department. The article stated that WHBQ TV had obtained a list of officers purportedly on duty at the time of the shooting. The article then stated that, of the officers named on the list, "two snakes stand out – Todd Baggett and Joel Rich," and that they had been involved in a previous police incident involving Troy Goode in 2015. The article further stated that "Baggett and Rich are not accused of being the ones who shot Lopez." The morning after the article was posted, WHBQ TV was alerted

about the "snake reference." WHBQ TV responded by removing the reference to "snakes" and included a note that read:

> "Update: in a previous version of this story, an error was made describing two Southaven police officers in an unflattering manner. It was never our intent to misrepresent these officers. We have corrected the body of this story to reflect that. We apologize for the error."

The updated article is still accessible on WHBQ TV's website. WHBQ TV stated that the reference to the plaintiffs as "snakes" was a typographical error – which was made by a reporter who typed the words on her phone.

## Procedural History

The article was attached as an exhibit to the defendant's motion to dismiss. In *Haynes v. The Innocence Project* the Southern District of Mississippi determined:

> When a defendant attaches evidence to a 12(b)(6) motion that was referenced in the Complaint that is central to the plaintiff's claims, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.

*Haynes v. The Innocence Project*, No. 3:09-cv-218-KS-LRA, (S.D. Miss., 2011).

In their complaint, the plaintiffs state that the defendant's statements were intended to "harm, embarrass and jeopardize" the plaintiffs. The plaintiffs further allege that their families suffered severe trauma as well as threats of harm and violence because of these statements. Finally, the plaintiffs state that the defendant's "false and malicious statements have resulted in injury to [the plaintiffs'] personal and professional reputation and have exposed them to public hatred, contempt and ridicule and degraded them in the community." The plaintiffs have requested a total retraction of the false statements as well as compensatory and punitive damages against the defendant.

The defendant filed the present motion, in which it argues that the plaintiffs have not proved that the statements made in the article were defamatory as a matter of law. Having considered the parties' arguments, along with relevant authorities and evidence, the Court finds as follows:

## Rule 12(b)(6) Standard

Before the Court can grant a motion to dismiss, a defendant must show that the plaintiff has not met the relevant pleading standard to state a claim. Specifically, a defendant must show that the plaintiff's complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

This Court has previously recognized that "the purpose of a Rule 12(b)(6) motion [is] to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case." *Edwards v. Coldwell Banker Real Estate Corp.*, 2006 WL 2404718, *1 (N.D. Miss. Aug. 18, 2006) (citing *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim is plausible if it contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lewis v. Harrison*, 2017 WL 111332, *1 (N.D. Miss. Jan. 10, 2017) (quoting *Ashcroft*, 556 U.S. 662, 678 (2009)).

## Discussion

In their complaint, the plaintiffs allege that the defendant's actions and statements were defamatory and caused negligent and intentional infliction of emotional distress. In response, the defendant asserts that its statements are not defamatory as a matter of law and that the plaintiffs have not illustrated that the defendant acted with malice. Further, the defendant argues that the plaintiffs' negligent and intentional

infliction of emotional distress claims will fail because those claims are derivatives of a failed defamation claim.

## A. Defamation

Defamation is defined as:

> Any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community is actionable per se.

*Fulton v. Publisher's Corp.*, 498 So. 2d 1215 (Miss. 1986).

In order to prove defamation, a plaintiff must establish the following elements: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault amounting at least to negligence on the part of the publisher; 4) and either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Armistead v. Minor*, 815 So. 2d 1189, 1193 (Miss. 2002) (quoting *Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998)). The plaintiff's complaint must provide allegations of sufficient particularity so as to give a defendant notice of the nature of the complained of statement. *Chalk v. Bertolf*, 980 So. 2d 290, 297 (Miss. Ct. App. 2007). The focus here will be on the first element of defamation – whether a false or defamatory statement concerning another was made.

### a. A False and Defamatory Statement

The Court determines whether: 1) the alleged defamatory statement bears the meaning ascribed to it by the plaintiff and 2) whether its meaning is defamatory. *Fulton v. Mississippi Publishers Corp.*, 498 So. 2d 1215, 1217 (Miss. 1986) (citing *Manasco v. Walley*, 216 Miss. 614, 630, 63 So. 2d 91, 96 (1953)). If the trial court decides against the plaintiff on either of these issues, then the case does not proceed to the jury. *Mitchell v. Random House, Inc.*, 865 F.2d 664 (5th Cir. 1989) (citing Fulton, 498 So. 2d at 1216). In *Ferguson v. Watkins*, 448 So. 2d 275 (Miss. 1984), the Mississippi Supreme Court refined the common

law defamation rule to require that: 1) the words used were clearly directed at the plaintiff and 2) the defamation was clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture. *Mitchell*, 865 F.2d 664 (5th Cir. 1989) (citing *Ferguson*, 448 So. 2d 275 (Miss. 1984)). In *McCullough v. Cook*, the Court further clarified *Ferguson* by stating that an underlying implication drawn from a factually true statement may be sufficient to render the statement false. *McCullough v. Cook*, 679 So. 2d 627, 631 (Miss. 1996).

The plaintiffs contend that the defendant's statement: "two snakes stand out – Joel Rich and Todd Baggett," was clear and that the defendant intended to imply that the plaintiffs were involved in the shooting of Ismael Lopez. At this stage in the proceedings, the Court is inclined to side with the plaintiffs on this point. Indeed, one would be hard pressed to find a positive interpretation of being called a "snake" since negative connotations date back at least to the Book of Genesis. Basically, such an accusation implies that an individual is a deceitful, untrustworthy, overall unpleasant human being. Couple this with the fact that the plaintiffs were the only two officers named from the list, and a reader could reasonably infer that the plaintiffs are "dirty cops." Therefore, a reasonable jury could find that the defendant's publication is defamatory. The plaintiffs' complaint states a claim of action upon which relief may be granted.

    b. **Malice**

It has been long the law in the State of Mississippi that police officers are considered public figures. *Pride v. Quitman County Voters League*, 226 So. 2d 735, 737 (Miss. 1969). Thus, for the plaintiffs' defamation claim to be successful, they must show that the defendant acted with actual malice.

Actual malice is defined as a statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Harte-Hanks Communication, Inc. v. Connaughton*, 491 U.S. 654 (1989), *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). A defendant acts with reckless disregard when the defendant makes a false publication with a "high degree of awareness of…probable falsity,"

*Garrison v. Louisiana*, 379 U.S. 64, 74 (1964), or the defendant "entertained serious doubts as to the truth of their publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). The plaintiffs allege that the defendant acted with reckless disregard for the truth because the defendant had reason to doubt the veracity of the list of officers. As evidence of the defendant's knowledge, the plaintiffs assert that the list of officers had been "pitched" to other news agencies and those agencies had refused to publish the information because they could not verify the list. Therefore, the defendant should have been put on notice to further investigate the list to determine its trustworthiness. Given these facts, a reasonable jury could find that the defendant acted with malice. Thus, this Court finds that the use of the term "snakes," coupled with a disregard of the truth of the statements, is sufficient to survive a motion to dismiss.

**B. Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress**

The Plaintiffs' claims for negligent and intentional infliction of emotional distress are facially plausible and are sufficient to state a claim.

**Conclusion**

Accordingly, it is hereby ORDERED that the defendant's *Motion to Dismiss for Failure to State a Claim* [10] is **DENIED**.

SO ORDERED, this the 26th day of March, 2018.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**